## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTHONY WASHINGTON,         ) | |
|         ) | |
|        Petitioner,       ) | |
|         ) | |
|     v.               ) | Civil Action No.  11-1850 (JEB) |
|         ) | |
| U.S. PAROLE COMMISSION, *et al.*,    ) | |
|         ) | |
|        Respondents.     ) | |

## MEMORANDUM OPINION

Petitioner Anthony Washington has filed a *pro se* petition for a writ of habeas corpus.  He raises a series of claims relating to the United States Parole Commission's authority, the calculation of his sentence, and the conduct of his defense attorney during a parole-revocation proceeding.  As none of his arguments proves convincing, the Court will deny the petition.

## I.  BACKGROUND

On September 26, 1996, petitioner was sentenced by the Superior Court of the District of Columbia to consecutive prison terms of 5-15 years for possession of a firearm during a crime of violence ("PFCV") and 3-9 years for robbery.  *See* United States Parole Commission's Opposition to Petitioner's Petition for a Writ of Habeas Corpus ("USPC Opp'n"), Ex. 1 (Judgment and Commitment Order, *United States v. Washington*, No. F-3808-96 (D.C. Super. Ct. Sept. 26, 1996)).   Petitioner thereafter had been released on parole and had had parole revoked on two occasions, *see id.*, Ex. 9 & 16 (respectively, Notices of Action dated January 16, 2008, and November 23, 2008), prior to the revocation at issue in this case.  *See id.*, Ex. 26 (Notice of Action dated November 24, 2010).  The United States Parole Commission ("Parole Commission") then paroled petitioner on October 5, 2011, and he was to remain under parole

supervision through February 23, 2022. *See id.*, Ex. 27 (Certificate of Parole) at 1. According to respondents, however, petitioner since has been charged with assorted assault, robbery, and burglary offenses in Prince George's County, Maryland, and he has been in custody there since January 2012. *See id.* at 6 & Ex. 28 (Warrant Application dated February 17, 2012) at 2.

## II. DISCUSSION

The Court construes the petition as raising five separate issues, which will be addressed in turn.

Petitioner initially asserts he "was 'coerced and induced' to had [sic] pled guilty to an 'expedited revocation proposal form on November 12th, 2010 at the advice of his public defender lawyer . . . in violation of his 6th Amendment right [*sic*]." Pet. at 5. There are two difficulties with this claim. First, Parole Commission proceedings are administrative in nature, *see Thompson v. District of Columbia Dep't of Corr.*, 511 F. Supp. 2d 111, 114 (D.D.C. 2007), and are in no way equivalent to a criminal trial. *See Maddox v. Elzie*, 238 F.3d 437, 445 (D.C. Cir. 2001) ("[P]arole revocation is not the continuation of a criminal trial but a separate administrative proceeding at which the parolee does not possess the same rights as a criminal defendant at trial."). The Supreme Court has "held that a parolee is not entitled to the full panoply of due process rights to which a criminal defendant is entitled, and that the right to counsel generally does not attach to such proceedings." *Pennsylvania Bd. of Probation and Parole v. Scott*, 524 U.S. 357, 366 n.5 (1998) (internal quotation marks and citations omitted). As he had no right to counsel at his parole-revocation hearing, he had no right to effective assistance of counsel there. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991).

In addition, even if he did have such a right, he has not in any way satisfied the

ineffective-assistance standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), which

encompasses both deficient performance and prejudice.  Neither occurred here.  As to

performance, petitioner has not provided any information about his counsel's deficiencies other

than a conclusory statement regarding coercion and inducement.  This is not surprising given that

petitioner was himself well acquainted with the expedited-revocation procedure, having declined

it in January 2008 and accepted it in November 2008.  Similarly, petitioner never explains any

prejudice from his acceptance of the procedure here or what would have happened to him if he

had declined it.  As a result, his claim of ineffective assistance cannot survive.

Second, petitioner argues that the Parole Commission has "no 'judicial' power [to]

revoke[] the petitioner's parole . . . term" and effect his detention; consequently, its actions

violate the doctrine of separation of powers.  Pet. at 5.  He is incorrect.  Parole agencies clearly

have authority to return parolees to prison upon an order revoking parole.  *See Morrissey v.*

*Brewer*, 408 U.S. 471, 478-80 (1972).  It is well settled, furthermore, that the Parole Commission

"has had jurisdiction over parole matters of District of Columbia felons since August 1998."  *Ray*

*v. U.S. Parole Comm'n*, No. 11-2127, 2012 WL 252238, at *2 (D.D.C. Jan. 26, 2012) (citations

omitted); *see Franklin v. District of Columbia,* 163 F.3d 625, 632 (D.C. Cir. 1998) (discussing

transfer of paroling jurisdiction for District of Columbia prisoners to the Parole Commission).  It

may grant, deny, or revoke parole, and it may impose or modify conditions of parole for any

felon who is eligible for parole or reparole under District of Columbia law.  *See* D.C. Code § 24-

131(a).  The statutes under which the Parole Commission operates "govern the execution of a

judicially imposed sentence."  *Moore v. U.S. Parole Comm'n*, No. 10-1987, 2011 WL 550003, at

*1 (D.D.C. Feb. 10, 2011).  The Parole Commission "does not usurp a judicial function when, as

here, it acts 'pursuant to the parole laws and regulations of the District of Columbia.'"

*Thompson*, 511 F. Supp. 2d at 114 (quoting D.C. Code § 24-131(c)).  Nothing unlawful has

occurred here.

Third, petitioner contends that the Parole Commission has been abolished, that the

District of Columbia cannot extend its life, and that its chair is not an Article III judge.  Pet. at 6.

The Court has just addressed the issue of judicial functions, and Congress was the body to extend

the Commission's existence until October 31, 2013.  *See* United States Parole Commission

Extension Act of 2011, Pub. L. 112-44, 125 Stat. 532 (Oct. 21, 2011).

Fourth, petitioner maintains that the Bureau of Prisons improperly calculated his

sentences as consecutive, rather than concurrent.  The BOP did so calculate his sentences

because that was what the Superior Court imposed: *consecutive* terms for robbery and PFCV.

*See* USPC Opp'n, Ex. 1.

Fifth, petitioner argues that his "street time credits" were unlawfully forfeited.  Pet. at 7.

The forfeiture of petitioner's street time – *i.e.*, his time on the street (and not in prison) while on

parole – first occurred upon his acceptance of an expedited revocation decision on October 24,

2008.  *See* USPC Opp'n, Ex. 14 (Advanced Consent to Expedited Revocation Decision).  In his

acceptance, he agreed that he would "forfeit all time spent on parole or mandatory release."  *Id.*

at 2.  Even if he had not, the law in effect at that time provided for the forfeiture of street time

upon revocation of parole.  *See* D.C. Code § 24-406(a) (2001) ("If the order of parole shall be

revoked, the prisoner, unless subsequently reparoled, shall serve the remainder of the sentence

originally imposed less any commutation for good conduct which may be earned by him after his

return to custody. . . .   The time a prisoner was on parole shall not be taken into account to

diminish the time for which he was sentenced."); *see also Jones v. Bureau of Prisons*, No. 02-

4

5054, 2002 WL 31189792, at *1 (D.C. Cir. Oct. 2, 2002) ("Under District of Columbia law, appellant cannot receive credit for time on parole, commonly known as 'street time,' after his parole has been revoked.").

Although this provision was amended "effective May 20, 2009 to allow days spent on parole to be counted toward fulfillment of the sentence of incarceration under certain defined circumstances," *Crum v. United States*, 672 F. Supp. 2d 1, 2 n.2 (D.D.C. 2009), it offers no relief to petitioner for the 2008 decisions because the amendment is "expressly not retroactive." *Id.*; *Horton v. U.S. Parole Comm'n*, 656 F. Supp. 2d 111, 113 n.2 (D.D.C. 2009) ("This new provision, which abrogates established law requiring the forfeiture of street-time credit under any circumstances following a parole revocation, does not apply [, as here,] to any period of parole that was revoked prior to May [ ], 2009.") (internal quotation marks and citation omitted) (brackets in original); *see* D.C. Code § 24-406(d) (2011 Supp.).

The only revocation that the amended statute could apply to, therefore, is the one in 2010. *See* Opp'n, Ex. 26 (Notice of Action). Yet, the amended statute provides that "[i]f a parolee is convicted of a crime committed during a period of parole, the Parole Commission . . . [may order] that the parolee not receive credit for the period of parole." D.C. Code § 24-406(c)(3). As petitioner was convicted of theft while on parole, the Parole Commission could lawfully require forfeiture of street time here. *See* USPC Opp'n, Ex. 26 at 1.

### III.   CONCLUSION

Petitioner, in sum, does not demonstrate that his "custody is in violation of the
Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  Accordingly, the
petition for a writ of habeas corpus will be denied.  An Order is issued separately.


JAMES E. BOASBERG
United States District Judge

DATE:  May 8, 2012